UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| PEGGY W. CONNER, | ) |
| Plaintiff, | ) Civil Action No. 5:11-47-JMH |
| v. | ) |
| HH GREGG, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Plaintiff's Motion to Remand to State Court [DE 45]. Defendants have filed responses, stating their objections [DE 46, 47], and Plaintiff has filed a Reply in further support of her Motion [DE 52]. Plaintiff, a resident of the Commonwealth of Kentucky, argues that the diversity of the parties to this action was destroyed with the addition of Defendant Allan Cunningham, also a resident of the Commonwealth of Kentucky, by her Amended Complaint. The Court is adequately advised, and this motion is ripe for decision. For the reasons which follow, the Court agrees, and this action will be remanded to the Madison Circuit Court.

I.   **BACKGROUND**

Plaintiff originally filed a Complaint alleging injury due to exposure to a gas leak in her home as the result of the faulty installation of a gas stove. She averred that "HH Gregg", 3PD,

Inc., Unknown Employees of 3PD, Inc., and Whirlpool Corporation were liable to her for her injuries on a number of theories of recovery.

Time passed and discovery was undertaken. Eventually, Plaintiff filed a Motion to Amend her Complaint [DE 27] to include claims against Charles Sanders, the sole proprietor of Money Getters, and Allan Cunningham, an employee of Money Getters. The time for response expired, no objections to the Motion to Amend were filed by any of the Defendants, and the Court granted the Motion to Amend [DE 28].

The Amended Complaint lists the address for Allan Cunningham as "Money Getters, 1309 E. 9th Street, Jeffersonville, Indiana 47130," and avers that he "delivered and installed a gas range at the Plaintiff's home" on December 30, 2009, causing natural gas to leak into her home during that process. [DE 29 at ¶¶ 18, 21.] It was not immediately clear from the Amended Complaint whether this Court's jurisdiction based on diversity remained intact following the amendment because the citizenship of Defendant Cunningham was not averred in that document. For this reason, Magistrate Judge Robert E. Wier entered a Minute Entry and Order [DE 42] "not[ing] that the Amended Complaint does not plead the citizenship of . . . Allan Cunningham," requiring a curative filing under 28 U.S.C. § 1653, and directing the parties to "consider the impact, if any, of the supplemental filing on federal jurisdiction."

Plaintiff filed a § 1653 Amendment of Pleadings to Show Jurisdiction [DE 44] in which she set forth that she was domiciled in and a citizen of the Commonwealth of Kentucky at all relevant times and that Defendant Allan Cunningham was also domiciled in and a citizen of Kentucky at all relevant times.

**II. DISCUSSION**

On a motion to remand, this Court is required to resolve all questions of fact and law in favor of the non-removing party. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Further, the party removing an action to federal court has the burden of showing that federal jurisdictional requirements are satisfied. *Coyne*, 183 F.3d at 493.

An action may be removed from state to federal court only if the federal court would have had jurisdiction over the case in the first place, such as where there is complete diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. §§ 1332, 1441(a). If at any time before a final judgment is entered it appears that this Court lacks subject matter jurisdiction, the case shall be remanded. *See* 28 U.S.C. § 1447(c). This includes situations in which a complaint is amended in such a way as to call jurisdiction based on diversity into question after a case is removed, even if jurisdiction is soundly established at the time of removal. As the United States Court of Appeals for the

Sixth Circuit explained in *Curry v. United States Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006):

> "Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc.* [*v. Auto-By-Tel, LLC,*] 176 F.3d [904,] 907 [(6th Cir. 1999)]. The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Smith v. Sperling*, 354 U.S. 91, 93 & n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Notwithstanding this general rule, persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint.

No one disputes that there was diversity with respect to the parties at the time this action was removed from Madison Circuit Court, on January 28, 2011. Nor does anyone dispute that diversity no longer exists in this matter nor has it since the date that Plaintiff's Amended Complaint [DE 29] was filed, on June 27, 2011. The question, then, is whether this Court must remand the matter due to lack of diversity jurisdiction or whether there exists a mechanism by which this Court may reestablish jurisdiction without remand.

In this regard, the case at bar is strikingly similar to that presented in *Christian v. Works*, 3:09-cv-141, 2010 WL 14267299 (E.D. Tenn. Apr. 7, 2010). *See also J.L. Stanhope v. Ford Motor Credit Company, Inc.*, 483 F. Supp. 275 (W.D. Ark. 1980) (holding

that remand was appropriate where jurisdiction was destroyed with addition of non-diverse defendant by amended complaint where no citizenship was alleged, no opposition was made to motion to amend, and motion to amend was granted prior to any party bringing issue to court's attention). In both *Christian* and the instant matter, defendants removed the case based on diversity jurisdiction and complete diversity existed at the time of removal. Defendants did not oppose Plaintiff's Motion to Amend the complaint and add the non-diverse defendant. Defendants were aware of the identity of the defendant or defendants to be added by the amendment.

In *Christian*, however, it appears that the defendants were aware of the domicile and citizenship of the non-diverse defendants to be added by amendment yet did not object to the motion to amend. The district court reasoned that, because the defendants did not object to the amendment at the time it was made, there was no reason to consider their arguments in response to the plaintiff's motion to remand concerning whether the non-diverse defendants were essential parties or whether the plaintiff would be significantly disadvantaged, as Defendants ask this Court to do in the present action.

Unlike the defendants in *Christian*, however, the Defendants in this case did not know the domicile of Cunningham, nor did they attempt to ascertain it. Neither was it apparent from the face of the tendered Amended Complaint since not even Plaintiff knew that

information at the time her Motion to Amend was filed. The Court is not persuaded, however, that these are such meaningful differences since Defendants had – at all times – the burden of showing that the jurisdictional requirements were met in this case, and they were aware that the addition of non-diverse defendants would destroy this Court's jurisdiction.

Defendants might have objected to the amendment of the complaint until such time as it could be determined whether the addition of Defendant Cunningham would impact the jurisdiction of this Court. They did not. The Court ultimately agrees with the analysis in *Christian* and is persuaded of its applicability in the instant action. Because defendants did not oppose the joinder of the non-diverse defendant in the first place, there is no reason to consider whether joinder of Cunningham should have taken place in the first place, and the Court declines to engage in an ex post facto exercise of its discretion under 28 U.S.C. § 1447(e) on these facts.[1]

---

[1] The Court is also mindful of the decision reached in *Pegourie v. Werner Enters.*, Civil Action No. 1:04-cv-138-M, 2005 WL 2243259(W.D. Ky. Sept. 14, 2005), a case relied upon by Defendants. Where non-diverse plaintiffs were joined upon a motion to which no objections were filed, the *Pegourie* court nonetheless elected to engage in an analysis of whether the non-diverse plaintiffs were indispensible under Fed. R. Civ. P. 19 such that they could not be dismissed under Fed. R. Civ. P. 21 in order to maintain diversity and, thus, jurisdiction. Ultimately, the *Pegourie* court determined that the non-diverse parties were dispensible and dropped them from the suit, preserving its jurisdiction. This Court is not bound by the decision in *Pegourie*, however, and concludes that – on the facts before it – it is better to proceed in the fashion set forth above.

Accordingly, because complete diversity was destroyed with the joinder of Cunningham, this Court will remand this action to the Madison Circuit Court. *See* 28 U.S.C. §§ 1447(c) and (e).

**III. Conclusion**

For the reasons stated above, the Court concludes that it no longer has subject-matter jurisdiction in this matter due to a lack of complete diversity of citizenship following the joinder to this case of Defendant Cunningham. Accordingly,

(1) Plaintiff's Motion to Remand to State Court [DE 45] is **GRANTED**;

(2) This matter is **REMANDED** to Madison Circuit Court; and

(3) The Clerk shall **STRIKE** this matter from the active docket.

This the 15th day of November, 2011.



**Signed By:**
*Joseph M. Hood*
**United States Senior Judge**